UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                     Case No. 12-CR-20228
                                                             Honorable Denise Page Hood

JAVON FRANKLIN ELLIS D-1,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE ADMISSIBILITY OF INGOING AND OUTGOING TEXT MESSAGES**

    Defendant Javon Franklin Ellis is charged in a three count indictment with Felon in Possession of a Firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e), Possession with Intent to Distribute Marijuana pursuant to 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. § 924(c). On May 8, 2013, Defendant filed a Motion to Exclude Admissibility of Ingoing and Outgoing Text Messages. For the reasons stated in more detail below, Defendant's Motion to Exclude is DENIED.

**I.   OUTGOING TEXT MESSAGES**

    Defendant challenges the admissibility of *outgoing* text messages on a cellphone retrieved during his arrest. Specifically, he argues that the text messages are inadmissible hearsay and do not qualify as admissions because the Government has not offered any proof that the statements were made by Defendant. According to Defendant, the Government cannot simply offer the cellphone and then presume that Defendant sent the messages contained in the cellphone.

    The Court must determine preliminary issues of admissibility. Fed. R. Evid. 104(a). The proponent of the evidence must show by a preponderance of the evidence that the offered evidence

meets the requirements of admissibility. *Buck v. Ford Motor Co.*, 810 F.Supp.2d 815, 823 (N.D. Ohio 2011) (citing *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987)). Generally, hearsay, or an out of court statement offered for the truth of the matter asserted, is inadmissible. Fed. R. Evid. 802. However, there are some exceptions. Federal Rule of Evidence 801(d)(2) provides that statements made by Defendant and offered by the Government are not hearsay. Before the Court may admit these text messages as admissions, the Court must determine whether it is more likely than not that Defendant made the statements. *Bourjaily*, 483 U.S. at 175–76; *see also United States v. Henderson*, 307 Fed Appx. 970, 977 (6th Cir. 2009) (finding that the district court properly admitted co-conspirator statements when it determined that it was more likely than not that the declarant and defendant were co-conspirators when the statements were made and the statements were made in furtherance of the conspiracy).

The Government has offered the following proofs of admissibility: (1) the cellphone was found on the Defendant, in his pocket; (2) the cellphone contained photographs of the Defendant; (3) the cellphone contained photographs of Defendant's Buick, which he was driving when arrested; (4) the cellphone's contact list included entries for Defendant's brother and girlfriend; and (5) the cellphone contained messages addressed to "Javon" and "J," the Defendant. Considering all this information, the Court finds that it is more likely than not that the cellphone belonged to Defendant and that the statements made on it were made by Defendant. The cellphone contained information that was personal to Defendant and messages addressed to Defendant. It is more likely than not that the owner of a cellphone would receive or maintain information on the cellphone that is personal to the owner. It is also more likely than not that the owner of the cellphone would receive messages addressed specifically to the owner of the cellphone. Given that the cellphone contained messages

addressed to "Javon" and "J," coupled with the cellphone's retrieval on Defendant's person, it is more likely than not that Defendant was the owner of the phone and, necessarily, the sender of the text messages contained therein. Defendant has not presented any evidence that the cellphone was borrowed or stolen or that there is another relevant individual with the name "Javon" or "J" that would have personal contacts for Defendant's brother or girlfriend that actually owned the cellphone. The most likely conclusion is that Defendant owned the cellphone and sent the outgoing text messages contained in it. The Court deems the outgoing text messages admissible as nonhearsay pursuant to Rule 801(d)(2)(A).

## II. INCOMING TEXT MESSAGES

Defendant also argues that all *incoming* text messages should be excluded as inadmissible hearsay. He contends that the statements are not admissible as co-conspirator statements because the Government has not identified the speakers and has not charged Defendant with conspiracy. The Court admits the incoming text messages for several reasons.

First, many of the text messages are questions or commands; questions and commands are not statements covered under the hearsay rule. *United States v. Wright*, 343 F.3d 849, 865 (6th Cir. 2003) ("a question is typically not hearsay because it does not assert the truth or falsity of a fact. A question merely seeks answers and usually has no factual content."); *see also United States v. Rodriguez-Lopez,* 565 F.3d 312, 314-15 (6th Cir. 2009). The text messages that are in the form of questions and commands are not statements because they do not contain an assertion and, therefore, are not inadmissible hearsay.

Second, the text messages are not offered for the truth of the matter asserted but rather because they were made. Although an out of court statement offered for the truth of the matter

asserted is generally inadmissible, the Government may offer a statement simply because it was said. *Rodriguez-Lopez,* 565 F.3d at 314. Here, the Government seeks admission of the incoming text messages as circumstantial evidence that Defendant possessed marijuana with intent to distribute it. Although the matter indirectly touches on the truth of the statements, it is the fact that several individuals would proposition Defendant about marijuana, not whether the marijuana was quality or whether the buyer could pay for it, that is probative of the crime charged. *See Rodriguez-Lopez*, 565 F.3d at 314–15 ("The fact that Rodriguez received ten successive solicitations for heroin is probative circumstantial evidence of his involvement in a conspiracy to distribute heroin."); *see also United States v. Boyd,* 640 F.3d 657, 664 (6th Cir. 2011) ("Davidson's statements to Boyd were properly admitted as non-hearsay offered to prove Boyd's knowledge of the carjacking and murders.").

Third, the statements are admissible as statements by a co-conspirator. Defendant argues that the Government cannot offer the text messages as co-conspirator statements because Defendant was not charged with conspiracy and the identity of any co-conspirator is unknown. However, the Government charging Defendant with conspiracy does not appear to be a pre-requisite to admitting statements by a co-conspirator under Rule 801(d)(2)(E). Rather, the Government must show by a preponderance of the evidence that (1) there was a conspiracy, (2) the defendant was a member of that conspiracy, and (3) the offered statements were made in furtherance of that conspiracy. *United States v. Clark,* 18 F.3d 1337, 1341 (6th Cir. 1994). The statement itself is properly considered evidence of a conspiracy. *Id.* at 1341–32. "An anonymous statement may be admissible under Rule 801(d)(2)(E) if circumstantial evidence permits a finding by a preponderance of the evidence that there was a conspiracy involving the author and the defendant, and the statement was made in the

course and furtherance of the conspiracy." *United States v. Martinez*, 430 F.3d 317, 326 (6th Cir. 2005). The Government must show that it was more likely than not that the unknown declarant is a co-conspirator. *United States v. El-Mezain*, 664 F.3d 467, 505–06 (5th Cir. 2011). A statement is inadmissible as a co-conspirator statement when the statement is made after the conspiracy has ended. *Krulewitch v. United States,* 336 U.S. 440, 442 (1949).

The Government offers the following proofs to show that Defendant and unknown declarants were members of a conspiracy to sell/buy drugs in violation of 21 U.S.C. § 846: (1) when arrested, Defendant had marijuana and a stolen, loaded gun, (2) there were photographs of marijuana plants and large amounts of cash on Defendant's cellphone; and (3) the text messages on the cellphone are indicative of drug dealing and are addressed to Defendant. Considering all this evidence, the Court finds that it is more likely than not that Defendant and the unknown declarants were members of a conspiracy to sell/buy drugs. The declarants made various requests for drugs and discussed other drug related matters with Defendant. The solicitation of drugs and discussion of other drug related matter, such as the quality of the marijuana, would necessarily further the objective of a conspiracy to buy/sell drugs. Accordingly, the incoming text messages may be admissible as statements by a co-conspirator because they were made to further the objectives of that conspiracy. *See United States v. Hitow*, 889 F.2d 1573, 1581 (6th Cir.1989) ("Statements that have been found to be 'in furtherance of' conspiracies include statements identifying other conspirators and their roles in the conspiracy, statements to inform other conspirators of the activities or status of the conspiracy, and statements as to the source or purchaser of controlled substances.") (internal citations omitted). However, the Government must establish in each instance that the transaction has elements that are indicative of conspiracy and not a simple sale. *United States v. Deitz*, 577 F.3d 672, 681 (6th Cir.

2009) (noting that the Court should consider the following factors when determining whether a drug sale is part of a larger conspiracy: (1) length of relationship; (2) established method of payment; (3) extent that transactions are standardized; and (4) level of mutual trust between buyer and seller).

### III. THE TEXT MESSAGES ARE RELEVANT AND PROBATIVE

Finally, Defendant insists that the *outgoing* and *incoming* text messages should be excluded as more prejudicial than probative pursuant to Rule 403. The Court disagrees. Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Although the outgoing and incoming text messages are prejudicial to Defendant, such danger of prejudice is not substantially outweighed by the probative value of the text messages. Defendant is on trial for possession of marijuana and possession of marijuana with intent to distribute. The text messages are extremely probative of whether Defendant intended to distribute marijuana in his possession. The text messages are indicative of the declarant's knowledge that Defendant possessed marijuana to sell and of the declarant's intention to purchase marijuana from Defendant. Further, the messages regarding buying/selling marijuana were found in Defendant's cellphone, which was on Defendant's person. The Court finds that the probative value of the text messages outweighs any prejudice that may result to Defendant. The text messages, outgoing and incoming, will be admitted.

Accordingly,

IT IS ORDERED that Defendant's Motion to Exclude the Admissibility of Both Ingoing and Outgoing Text Messages [Docket No. 78, filed May 8, 2013] is DENIED consistent with this opinion.

IT IS SO ORDERED.

                S/Denise Page Hood
                Denise Page Hood
                United States District Judge

Dated: May 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2013, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager