# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,            Criminal Case No. 12-20228
                                     Civil Case No. 16-10692

v.

                                     HON. DENISE PAGE HOOD

JAVON FRANKLIN ELLIS,

      Defendant-Movant.

_____/

## ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [Dkt. No. 138], ORDER CLOSING CIVIL CASE NO. 16-10692, and ORDER GRANTING CERTIFICATE OF APPEALABILITY

## I.      Background

This case originated in February 2012, when Petitioner carried a fully loaded, stolen Colt .45 caliber pistol gun while selling marijuana on the Eastern Michigan University campus. On August 22, 2013, a jury found Petitioner guilty of the following crimes: (1) Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1) (Count Three); (2) Possession with Intent to Distribute Marijuana under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Count Four); and (3) Possessing a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c) and 18 U.S.C. § 924(c)(1)(A)(i) (Count Five). [Dkt. No. 124]

The applicable advisory sentencing Guideline range pursuant to the United States Sentencing Guidelines (the "Guidelines") was 360 months to life. Because the Court concluded that Petitioner had three prior "violent felony" convictions, he was subject to a mandatory minimum sentence of 15 years imprisonment on Count Three pursuant to Title 18 United States Code, Section 924(e), the Armed Career Criminal Act ("ACCA"). The three prior convictions supporting ACCA's 15-year mandatory minimum term of imprisonment were: (a) armed robbery; (b) unarmed robbery; (c) solicitation of murder. The Court sentenced Petitioner to the minimum sentence of 15 years imprisonment on Count Three. Petitioner's conviction on Count Five required a mandatory sentence of at least 60 months, which was to run consecutive to any other sentences. The Court sentenced Petitioner to an aggregate imprisonment term of 240 months, the minimum term permitted under applicable law. On September 25, 2015, the Sixth Circuit Court of Appeals denied Petitioner's appeal of his conviction and sentence, which included affirming the Court's application of the 15-year mandatory minimum term of imprisonment pursuant to ACCA. The mandate was issued on October 21, 2015.

Petitioner, then proceeding *pro se*, timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion"). [Dkt. No. 138] In the Motion, Petitioner contends that:

> A. The Government had to prove Petitioner's prior convictions to the jury (claims 4 and 5).

B. The Government failed to provide grand jury transcripts (claim 7).

C. Pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015) ("*Johnson II*"), neither the unarmed robbery conviction nor the solicitation of murder conviction constitutes a violent felony under ACCA (claims 2, 3, and 6).

D. *Johnson II* means that the solicitation of murder and unarmed robbery convictions are not "crimes of violence" for purposes of determining "career offender" status under the Guidelines (claims 2, 3, and 6).

E. His appellate counsel was constitutionally ineffective (claim 1).

The Government filed a response to the Motion and, after the Court appointed Federal Defender Office ("FDO") as counsel for Petitioner, a supplemental brief regarding the Motion was filed by his FDO counsel. The supplemental brief filed by FDO counsel addressed the effect of *Johnson II* on claims 2, 3, and 6 but did not address Petitioner's claims regarding the necessity of the Government to prove his prior convictions to the jury, provide grand jury transcripts, or ineffective assistance of counsel (claims 1, 4, 5, and 7). Pursuant to an Order of the Court, each party later filed a supplemental brief addressing the effect that the U.S. Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017), might have on the issues raised in the Motion.

## II.   Legal Standard

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under 28 U.S.C. § 2255 are

subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001). The AEDPA established a one-year limitations period for Section 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In order to prevail on a Section 2255 motion, a petitioner "must allege three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).

### III.    Proof of Prior Convictions to the Jury/Grand Jury Transcripts

As the Government argues, a Section "2255 motion may not be used to relitigate an issue that was raised on appeal absent highly unusual circumstances." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). As the Sixth Circuit's opinion denying Petitioner's appeal reflects: (1) Petitioner's claim that the Government was required to prove Petitioner's prior convictions to the jury (relying on *Alleyne v. United States*, 133 S.Ct. 2151 2013)) was considered and rejected, *United States v. Ellis*, 626 F. App'x 148, 154 (6th Cir. 2015); and (2) Petitioner's claim that the Government had to provide grand jury transcripts was considered and rejected. *Id.* at 154-55. Petitioner has not set forth, and the Court does not find, any highly unusual circumstances with respect to either of those claims. Accordingly,

the Court need not – and does not – review Petitioner's claims regarding proving prior convictions to the jury or grand jury transcripts.

## IV. ACCA

Petitioner does not dispute that his prior conviction for armed robbery is a violent felony under ACCA, but he contends that neither his unarmed robbery conviction nor his solicitation of murder constitute a violent felony under ACCA.

ACCA provides, in relevant part:

(1)  In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

(2)  As used in this subsection—

\* \* \* \* \*

(B)    the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

\* \* \* \* \*

18 U.S.C. § 924(e)(1) and (2). Since *Johnson II*, courts have had to rely only on the elements or enumerated clauses in ACCA in order to enhance sentences under the statute, as the *Johnson II* court concluded that the residual clause under ACCA was unconstitutionally vague.[1]

Petitioner contends that his unarmed robbery and solicitation of murder convictions are not violent felonies under the elements clause. The elements clause defines as a "violent felony" those crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I*), the Supreme Court defined "physical force" under ACCA as "violent force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140.

The Court must utilize the categorical approach articulated in *Taylor v. United States*, 495 U.S. 575, 601 (1990), to determine whether a prior conviction constitutes a "violent felony" under ACCA. "Under this categorical approach, the court must look only to the fact of conviction and the statutory definition-not the facts underlying the offense-to determine whether that definition supports a conclusion that the conviction was for a" violent felony. *United States v. Armstead*, 467 F.3d

---

[1] The residual clause meant the following phrase in the definition of a "violent felony" under ACCA: "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

943, 947 (6th Cir. 2006) (discussing *Taylor* and *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

In analyzing Petitioner's unarmed robbery and solicitation of murder charges under the elements clause, the Court must utilize the categorical approach articulated in *Taylor v. United States*, 495 U.S. 575, 601 (1990), to determine whether a prior conviction constitutes a violent felony under ACCA. "Under this categorical approach, the court must look only to the fact of conviction and the statutory definition–not the facts underlying the offense–to determine whether that definition supports a conclusion that the conviction was for a" violent felony. *United States v. Armstead*, 467 F.3d 943, 947 (6th Cir. 2006) (discussing *Taylor* and *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

### A. Unarmed Robbery

The version of the Michigan statute under which Petitioner was convicted of unarmed robbery in 2001 provided:

> Any person who shall by force **and** violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison no more than 15 years.

M.C.L. § 750.530 (1999) (emphasis added). In 2004, the first phrase of M.C.L. § 750.530 was amended, and since then, it has provided: "Any person who shall by force **or** violence, . . ." (emphasis added).

There are two conflicting lines of case law as to whether a conviction under Michigan's unarmed robbery statute constitutes a violent felony under ACCA, and the cases on each side of the line are clearly divisible. One line of cases holds that unarmed robbery under M.C.L. § 750.530 constitutes a violent felony for purposes of ACCA. *See United States v. Matthews,* 669 F. App'x 840, 844-45 (6th Cir. 2017). *See also United States v. Lucas*, 736 F. App'x 593, 597 (6th Cir. 2018) (citing *Matthews*, 669 F. App'x at 844-45); *United States v. Lamb*, 638 F. App'x 575, 576 (8th Cir. 2016), *vacated on other grounds*, 137 S. Ct. 494 (2016) ("*Lamb I*"), *relevant portion of opinion reinstated*, 847 F.3d 928, 930 (8th Cir. 2017); *United States v. Tirrell*, 120 F.3d 670, 679-81 (7th Cir. 1997); *Lewis v. United States*, 2017 WL 4684081, at **4-5 (W.D. Mich. Oct. 19, 2017); *Eady v. United States*, 2017 WL 3530081, at **2-3 (W.D. Mich. Aug. 17, 2017); *United States v. Chaney*, 2017 WL 3499936, at **4-5 (E.D. Mich. Aug. 16, 2017). In each of these cases, the defendant was tried and convicted of unarmed robbery under M.C.L. § 750.530 prior to 2004, when the statute provided: "Any person who shall by force **and** violence, . . ." (emphasis added).

The other line of cases holds that holds that unarmed robbery under M.C.L. § 750.530 does not constitute a violent felony for purposes of ACCA. *See United States v. Harris*, 323 F.Supp.3d 944 (E.D. Mich. 2018); *United States v. Lamb*, No. 16-20077, 2017 WL 730426 (E.D. Mich. February 24, 2017) ("*Lamb II*")

(technically, this case addressed whether unarmed robbery under M.C.L. § 750.530 is a "crime of violence" under the Guidelines); *United States v. Ervin*, 198 F.Supp.3d 1169 (D. Mont. 2016). In each of these cases, the defendant was tried and convicted of unarmed robbery under M.C.L. § 750.530 after 2004, when the statute provided: "Any person who shall by force **or** violence, . . ." (emphasis added).

Petitioner was charged with – and pleaded guilty to -- unarmed robbery under M.C.L. § 750.530 in 2001, and he was sentenced on this charge in January 2002. At that time, M.C.L. § 750.530 began: "Any person who shall by force **and** violence . . ." (emphasis added). As the cases cited above reflect, courts uniformly have held that a conviction for unarmed robbery under that version of M.C.L. § 750.530 (the pre-2004 amendment version) constituted a violent felony for purposes of ACCA. Two of those decisions were rendered by the Sixth Circuit in unpublished opinions, s*ee Matthews* and *Lucas*, *supra*, and both the Seventh and Eighth Circuits have reached the same conclusion. *See Lamb I* and *Tirrell*, *supra*.[2] Although none of those opinions are binding, the Court concludes that they are persuasive.

The court's reasoning in *Lewis* is instructive:

> The Courts of Appeal for the Sixth, Seventh, and Eighth Circuits have all concluded that a conviction for unarmed robbery under this statute is categorically a violent felony under the elements clause. *United*

---

[2] The Court also notes that the decision in *Harris* focused, in part, on the difference between "force and violence" in the pre-2004 amendment statutory language and "force or violence" in the post-2004 amendment statutory language with respect to the *Matthews*, *Lamb I*, and *Tirrell* decisions. *See Harris*, 323 F.Supp.3d at 951-53.

*States v. Matthews*, 689 Fed.Appx. 840, 845 (6th Cir. 2017); *United States v. Lamb*, 638 Fed.Appx. 575 (8th Cir. 2016), *vacated on other grounds*, 137 S. Ct. 494 (2016), *relevant portion of opinion reinstated*, 847 F.3d 928, 930 (8th Cir. 2017); *United States v. Tirrell*, 120 F.3d 670, 680 (7th Cir. 1997). In other words, the statute, as interpreted by the Michigan Supreme Court, requires the "use, attempted use, or threatened use" of "violent" physical force under all versions of the offense.

Movant argues that unarmed robbery is not a violent felony when it is accomplished by "putting in fear." However, the Sixth Circuit rejected this argument in *Matthews*, noting the discussion of the unarmed robbery statute in *People v. Randolph*, 648 N.W.2d 164 (Mich. 2002) and *People v. Kruper*, 64 N.W.2d 629 (Mich. 1954). According to the Michigan Supreme Court, the unarmed robbery statute is derived from common law. *Randolph*, 648 N.W.2d at 167. Robbery at common law, as distinguished from larceny, involves "taking the property of another in his presence and against his will, by putting him *in fear of immediate personal injury*[.]" *Id.* at 167 n.6 (emphasis added). The statute "excludes a nonforceful taking[.]" *Id.* at 168. "Whenever the elements of force or putting in fear enter into the taking, and that is the cause which induces the party to part with his property, such taking is robbery. *This is true regardless of how slight the act of force or the cause creating fear may be, provided, in the light of the circumstances, the party robbed has a reasonable belief that he may suffer injury unless he complies with the demand*." *Kruper*, 64 N.W.2d at 632 (emphasis added); *See People v. Hearn*, 406 N.W.2d 211, 214 (Mich. Ct. App. 1987) ("When a person is induced to part with property out of fear, the test to determine whether a robbery has been committed is whether 'the party robbed has a reasonable belief that he may suffer injury unless he complies with the demand.'") (quoting *Kruper*, 64 N.W.2d at 632). Thus, although unarmed robbery can be accomplished by assault or by "putting [the victim] in fear," the Michigan Supreme Court has interpreted this to require force or threat of force that is sufficient to put one in reasonable fear of physical injury. *Matthews*,

689 Fed.Appx. at 845. Such a use of force or threat of force satisfies the physical force requirements of *Johnson I*.

The Eighth Circuit reached a similar conclusion in *Lamb*. *See Lamb*, 638 Fed.Appx. at 577 ("The term, 'assault or putting in fear,' as construed by the Supreme Court of Michigan, is clearly limited to conduct that accomplishes a forceful taking (or attempted taking) by using violence or the threat of violence to put the victim in fear of 'immediate personal injury.'") (quoting *Randolph*, 648 N.W.2d at 167–68 & n.6). Although *Matthews* and *Lamb* are not binding, they are persuasive.

Movant notes that the Michigan Model Jury Instructions define "force or violence" to mean "any use of physical force against another person so as to harm or embarrass [him/her]." Mich. Crim. JI 17.14. Movant contends that the use of physical force to "embarrass" another person is not violent force under *Johnson I*. That may be so, but the instructions cited by Movant do not apply to the statute under which he was convicted. The version of the statute in effect in 1984 and 1990 required force *and* violence, not force *or* violence. It is not at all apparent that the cited instructions would also apply to the statute in effect in 1990 and earlier. Nor is it apparent that Michigan courts would approve a conviction for unarmed robbery based on a use of force that merely embarrassed the victim. The Court is aware of no Michigan case in which a person was convicted of robbery for such conduct. Indeed, it is hard to conceive how a robbery could be accomplished by embarrassing someone. Movant claims that someone could be found guilty of a robbery by pulling down someone's pants in public, but that scenario seems highly improbable. The Court's "'focus on the minimum conduct criminalized by the state statute is not an invitation to apply "legal imagination" to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside' the limitations of the elements clause." *United States v. Harris*, 853 F.3d 318, 322 (6th Cir. 2017) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013)).

In a similar vein, Movant argues that a robbery victim could be "put in fear" by something that does not involve any use or threatened use of force. For instance, a victim could be put in fear by a "panhandler" as a result of the panhandler's appearance and not as a result of any action by the panhandler. However, Michigan courts have been clear that the victim's fear must be founded on a "reasonable belief that he may suffer injury." *Hearn*, 406 N.W.2d at 214. Thus, a subjective fear of panhandlers is not enough. The fear must be reasonable, and it must involve a fear of injury. Moreover, the language of the statute ("[a]ny person who shall...by...putting in fear") makes clear that the fear must be the result of conduct by the defendant.

Movant also notes that unarmed robbery can be accomplished by "assault," which is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v. Starks*, 701 N.W.2d 136, 140 (Mich. 2005). "A battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v. Reeves*, 580 N.W.2d 433, 435 n.4 (Mich. 1998). Thus, in theory, to accomplish unarmed robbery via assault, the minimal amount of force required is either an attempt to make an offensive touch, or an action that puts the victim in reasonable apprehension of an offensive touch. An offensive touch does not require force capable of causing physical injury. Under *Kruper*, however, the use or threat of force is sufficient for robbery only if it induces a "reasonable belief that [the victim] may suffer injury[.]" *Kruper*, 64 N.W.2d at 632. Without such a threat of harm, the crime is larceny, not robbery. *Randolph*, 648 N.W.2d at 174 n.23. Thus, the assault and putting-in-fear variants of unarmed robbery require the equivalent of a threat of physical force that is capable of causing physical injury. Such a threat satisfies *Johnson I. See Lamb*, 638 Fed.Appx. at 577.

In short, like the Courts of Appeal for the Sixth, Seventh, and Eighth Circuits, this Court concludes that a conviction for unarmed robbery is a violent felony under the elements clause. *Johnson II* did not invalidate

the elements clause in the ACCA. Consequently, Movant's convictions for unarmed robbery qualify as violent felonies even after *Johnson II*.

*Lewis*, 2017 WL 4684081, at **3-5.

For the reasons set forth above, the Court concludes that Petitioner's 2001 conviction for unarmed robbery involved the use of physical force, such that his unarmed robbery conviction constitutes a violent felony for purposes of ACCA.

### B. Solicitation of Murder

Petitioner argues that, in light of *Johnson II*, his conviction for solicitation of murder should not be counted for purposes of his ACCA calculation. The version of M.C.L. § 750.157b(2) pursuant to which Petitioner was convicted of solicitation of murder provides:[3]

> A person who solicits another person to commit murder, or who solicits another person to do or omit to do an act which if completed would constitute murder, is guilty of a felony punishable by imprisonment for life or any term of years.

"Solicit" is defined under Section 750.157b as "to offer to give, promise to give, or give any money, services, or anything of value, or to forgive or promise to forgive a debt or obligation." M.C.L. § 750.157b(1).

---

[3] Section 750.157b was amended in 1986. Prior to that amendment, the statute provided that "Any person who incites, induces or exhorts any other person to unlawfully burn any property, to murder, to kill . . . , or who aids and abets in any such inciting, inducing or exhorting shall be punished in the same manner as if he had committed the offense, incited, induced or exhorted." Under that version of the statute, the Michigan Supreme Court held that Section 750.157b "does not subject a person to criminal responsibility for utterances that do not result in the commission of the offense sought to be committed." *People v. Rehkopf*, 422 Mich. 198, 205 (1985).

The Michigan Court of Appeals has addressed on numerous occasions the solicitation to commit murder statute pursuant to which Petitioner was convicted. *See, e.g., People v. Crawford*, 232 Mich.App. 608, 616 (1998). The *Crawford* court held, as the Michigan Court of Appeals has consistently held:

> Solicitation to commit murder is a specific intent crime that requires proof that the defendant intended that a murder would in fact be committed. *People v. Vandelinder*, 192 Mich.App. 447, 450, 481 N.W.2d 787 (1992). Solicitation to commit murder occurs when (1) the solicitor purposely seeks to have someone killed and (2) tries to engage someone to do the killing. *Id.* Solicitation is complete when the solicitation is made. *Id.* A contingency in the plan may affect whether the victim will be murdered, but does not change the solicitor's intent that the victim be murdered. *Id.* at 450-451, 481 N.W.2d 787. Actual incitement is not necessary for conviction. *People v. Salazar*, 140 Mich. App. 137, 143, 362 N.W.2d 913 (1985) (a defendant who attempted to incite an undercover police officer to commit murder could not escape conviction merely because the officer would not actually kill someone).

*Crawford*, 232 Mich.App. at 616.

*Vandelinder*, *Crawford* and other cases analyzing the required elements for a charge of solicitation of murder pursuant to Section 750.157b clearly require that a solicitor: (a) have specific intent that a murder be committed, and (b) contact someone for the purpose of committing the murder in exchange for something of value in order to be convicted of the crime of solicitation of murder. In reviewing those cases, however, the Court finds that none of them required a factfinder to determine that the elements of murder were satisfied in order to convict the defendant charged with solicitation of murder; rather, in each case, the court

recognized that "[s]olicitation is complete when the solicitation is made" and "[a]ctual incitement is not necessary for a conviction." *See, e.g., Crawford*, 232 Mich.App. at 616.

Petitioner relies on a Sixth Circuit ruling that the solicitation to commit aggravated assault under a Tennessee statute did not involve "use, attempted use, or threatened use" of force, which meant that the solicitation did not qualify as a violent felony under the elements clause of ACCA. *United States v. Benton*, 639 F.3d 723 (6th Cir. 2011).[4] Petitioner argues that, for the same reasons, his solicitation for murder conviction should not qualify as a violent felony under ACCA.

As the Government argues, there are some critical differences between the Tennessee statute at issue in *Benton* and M.C.L. § 750.157b. In *Benton*, the Sixth Circuit recognized that the Tennessee solicitation statute at issue (T.C.A. § 39-12-102)[5] is "an offense two (2) classifications lower than the most serious offense

---

[4] In *Benton*, the court held that the defendant's prior conviction for solicitation to commit aggravated assault constituted a "violent felony" under the "residual" clause of ACCA. *Benton*, 639 F.3d at 731-32. In light of *Johnson II* (holding the residual clause of ACCA unconstitutional), that portion of the *Benton* court's analysis cannot be applied in this case.

[5] T.C.A. § 39-12-102(a) provides that:

    (a) Whoever, by means of oral, written or electronic communication, directly or through another, intentionally commands, requests or hires another to commit a criminal offense, or attempts to command, request or hire another to commit a criminal offense, with the intent that the criminal offense be committed, is guilty of the offense of solicitation.

solicited[.]" *Benton*, 639 F.3d at 731.  The *Benton* court also noted that "solicitation is distinct from criminal responsibility (and so is not charged as the offense itself)." *Id.*  The court found that the solicitation charge "has an element the 'command, request or hire' of another to employ . . . force. . . . [and] [b]ecause the crime of solicitation to commit aggravated assault is at least one step removed from the requisite level of force contemplated in § 924(e)(2)(B)(i) of ACCA, it does not qualify as a 'violent felony' under the first prong of the definition."  Under M.C.L. § 750.157b(2), however, the solicitation charge at issue is specific and limited to the solicitation of murder, for which the term of imprisonment is the same as the term of imprisonment for murder.[6]  Accordingly, Michigan courts have found a charge of solicitation of murder to be "a specific intent crime" involving "actual advance planning and foreknowledge," and the charge "shares the elements of premeditation and deliberation with first-degree murder." *See People v. Knasiak*, 1999 WL 33439154, at *5 (Mich. Ct. App. July 2, 1999).

Although T.C.A. § 39-12-102 and M.C.L. § 750.157b(2) have differences, the Court finds that those differences do not dictate a finding that a solicitation for

---

[6] The solicitation of other felonies is covered in another subsection of  M.C.L. § 750.157b. *See* M.C.L. § 750.157b(3) (solicited felonies punishable by at least five years imprisonment (including life terms) subject the person to imprisonment no more than five years and a fine up to $5,000, whereas solicited felonies of less than five years subject the person to imprisonment of not more than two years and a fine up to $1,000).

murder charge constitute a violent felony for purposes of ACCA. More significantly, the Court finds that M.C.L. § 750.157b(2), like T.C.A. § 39-12-102, does not require as an element "the use, attempted use, or threatened use" of force, as is necessary for a crime to qualify as a violent felony under the first prong of § 924(e)(2)(B)(i) of ACCA. As such, the Court concludes that the fact that one element of solicitation for murder "include[s] proof of an intent to cause murder and inducement" is not sufficient to satisfy the first prong of § 924(e)(2)(B)(i).

The Government argues that, because M.C.L. § 750.157b requires proof of an affirmative step taken with the intent to cause someone's murder, it falls under ACCA's "physical force" clause. The Government contends that affirmative step constitutes the "attempted use" of "force capable of causing physical pain or injury to another person." *Johnson I*, 130 S.Ct. at 1271.[7] The Court is not persuaded by the Government's argument. Although M.C.L. § 750.157b(2) does require an "affirmative step" be taken by the solicitor (the making of the offer to give something of value to another person in exchange for that person committing a murder), the statute does not include as an element that any "use, attempted use, or threatened use" of physical force actually transpire.

---

[7] The parties' dispute regarding whether solicitation can be a violent felony when the force comes from a person other than the solicitor is not relevant to the Court's determination of whether Petitioner's solicitation for murder conviction may be counted for purposes of ACCA. Accordingly, the Court does not address that argument.

The Court finds instructive the Sixth Circuit's opinion in *United States v. Gloss*, 661 F.3d 317 (2011). In discussing whether a conviction for criminal facilitation in Tennessee constituted a violent felony under ACCA, the *Gloss* court noted that such a crime "requires that [the underlying crime] actually occur." *Id.* at 319. The *Gloss* court stated, "It makes no difference that the defendant was not the person who committed the aggravated robbery . . . [a]ll that matters is that *someone* did so, and that the defendant knowingly provided substantial assistance to that person." *Id.* at 319 (citations omitted) (emphasis in original). As the crime of criminal facilitation "require[d] the government to prove the elements of the underlying violent felony [including that someone actually committed the underlying felony], such a conviction will itself qualify as a violent felony under the first clause of § 924(e)(2)(B)." *Id.* (citation omitted).

The *Gloss* court then contrasted the criminal facilitation charge with mere participation in, or the solicitation of, a violent crime, stating in part:

> If, by contrast, the government may obtain a conviction by proving only that the defendant agreed to participate in violent crime or solicited it—and not that some person committed or attempted to commit the underlying offense—conspiracy or facilitation tends to be outside the reach of the first clause of § 924(e)(2)(B), and generally will be deemed a violent felony **only if it qualifies under the residual clause**. *See, e.g., United States v. Benton,* 639 F.3d 723, 731 (6th Cir.2011); *United States v. Gore,* 636 F.3d 728, 731–32 (5th Cir.2011); *United States v. King,* 979 F.2d 801, 803 (10th Cir.1992).

*Gloss*, 661 F.3d at 319 (emphasis added).

The Court finds persuasive the analysis set forth in *Gloss*, specifically that a conviction obtained only by proving that the defendant "agreed to participate in violent crime or solicited it—and not that some person committed or attempted to commit the underlying offense . . . tends to be outside the reach of the first [elements] clause of § 924(e)(2)(B), and generally will be deemed a violent felony only if it qualifies under the residual clause." *Gloss*, 661 F.3d at 319. In this case, the solicitation for murder charge of which Petitioner was convicted requires only that Petitioner solicited a murder, and there is no requirement that any person committed or attempted to commit murder.

For the reasons set forth above, the Court finds that Petitioner's solicitation for murder conviction does not constitute a violent felony under the elements clause of ACCA. And, although the *Benton* court concluded (and the *Gloss* court would have concluded) that a solicitation to commit a violent crime could have been counted as a violent felony under ACCA's residual clause, after *Johnson II*, such a conclusion is no longer constitutionally permissible. Accordingly, the Court holds that Petitioner's solicitation for murder conviction is not a violent felony for purposes of ACCA.

For the reasons stated above, the Court now concludes that: (a) Petitioner has only two "violent felony" convictions for purposes of ACCA; and (b) Petitioner is no longer subject to a 15-year mandatory minimum sentence of imprisonment under

ACCA.  In light of that conclusion, the Court vacates Petitioner's sentence and will re-sentence Petitioner on convictions on Counts Three, Four, and Five.

## V.    Career Offender under the Guidelines

When Petitioner filed the Motion, he argued that, in light of *Johnson II*, he was entitled to re-sentencing because his convictions for solicitation of murder and unarmed robbery did not qualify as "crimes of violence" under the Career Offender Guidelines, U.S.S.G. § 4B1.2(a).  Because the U.S. Supreme Court held in *Beckles* that the Guidelines are "not subject to a vagueness challenge under the Due Process Clause," *Beckles*, 137 S.Ct. at 890, Petitioner now concedes that his challenge to his advisory Guidelines range is foreclosed.  Accordingly, the Court denies Petitioner's claims 2, 3, and 6, each of which pertains to determining his "Career Offender" status under the Guidelines.

## VI.    Ineffective Assistance of Counsel

Petitioner also has claimed that his appellate counsel was ineffective.[8]  Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence."  U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Supreme Court articulated a two-prong

---

[8] Petitioner was represented by the same counsel at trial and on appeal.

test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*.

"There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. Counsel is not required to

raise futile challenges in order to avoid a claim of ineffective assistance. *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996).

Petitioner asserts his appellate counsel was ineffective because appellate counsel "failed to raise a meritorious claim on appeal" or "request that the [Sixth Circuit] hold the appellate proceedings in abeyance in order to amend or supplement portions of [Petitioner]'s brief, despite being aware of a substantive change of law that would have affected the outcome in favor of defendant." Except for arguing that his counsel should have raised a *Johnson II*-type argument, Petitioner does not indicate what meritorious claim(s) his counsel should have raised.

With respect to Petitioner's complaints about appellate counsel *vis a vis Johnson II*, the Court first notes that the U.S. Supreme Court had not decided that case by the time the parties filed their appellate briefs and argued this case before the Sixth Circuit. *Johnson II* was issued while the Sixth Circuit's ruling in this case was pending. Second, as the Government notes, *Johnson II* was a reversal of clearly established Supreme Court law. The Supreme Court had twice recently stated that ACCA's residual clause was not unconstitutionally vague. *See Sykes v. United States*, 131 S.Ct. 2267, 2277 (2011); *James v. United States*, 550 U.S. 192, 210 n.6 (2007). Third, an attorney is not constitutionally ineffective when he fails to raise a meritless argument, *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999), or fails to

predict or anticipate a change in the law. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986); *United States v. Burgess*, 142 F. App'x 232, 241 (6th Cir. 2005).

Fourth, even if Petitioner's counsel had requested that the Sixth Circuit hold in abeyance a ruling on his case until *Johnson II* was decided, the Court finds it speculative that the Sixth Circuit would have granted that request because: (a) no *Johnson II*-type issue had been raised on appeal, so it had not been briefed or argued before the Sixth Circuit; and (b) this Court had not addressed any *Johnson II*-type argument, as it had not been raised here. As a rule, the Sixth Circuit does not decide issues raised for the first time on appeal. Accordingly, the Court concludes that Petitioner's counsel was not constitutionally ineffective for failing to ask the Sixth Circuit to hold in abeyance a ruling in this case until the U.S. Supreme Court decided *Johnson II*.

## VII.  Certificate of Appealability

Rule 22 of the Federal Rule of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate

of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability should not be issued in this case, except with respect to Petitioner's claim that a conviction for unarmed robbery under M.C.L. § 750.530 should not be considered a violent felony for purposes of ACCA. The rest of the arguments raised by Petitioner in his § 2255 motion are without merit.

## VIII. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 12-20228, Dkt. No. 138, filed February 25, 2016]** is **GRANTED** and Petitioner shall be **RE-SENTENCED**.

IT IS FURTHER ORDERED that the Motion Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 16-10692]** is **GRANTED**. The civil case is and shall be designated as **CLOSED** on the Court's docket.

IT IS FURTHER ORDERED that a certificate of appealability shall issue only with respect to the following issue: "Is the crime of unarmed robbery, as set forth in the version of M.C.L. § 750.530 in effect at the time of Petitioner's conviction, a

violent felony for purposes of the Armed Career Criminal Act?"

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: November 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager